**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lena Shayeb,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-22-01784-PHX-DWL<br><br>**ORDER** |

This is a Social Security appeal. On May 23, 2023, the Court referred the matter to Judge Bachus for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 25.) On October 25, 2023, Judge Bachus issued an R&R concluding that the ALJ's decision should be reversed and that the matter should be remanded for further proceedings. (Doc. 28.) Afterward, Plaintiff filed timely objections to the R&R, arguing that the proper remedy is a remand for calculation of benefits. (Doc. 29.)

For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and this matter is remanded for further proceedings.

**DISCUSSION**

I. Legal Standard

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may

serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

…

II.   Relevant Background

    A.   **The ALJ's Decision**

In the underlying decision, the ALJ acknowledged that Plaintiff had the severe impairments of "anxiety, depression, posttraumatic stress disorder (PTSD), diabetes mellitus type II, chronic kidney disease stage 2, left knee osteoarthritis, polyneuropathy and sciatica." (AR at 104.)

When formulating Plaintiff's RFC, the ALJ declined to fully credit Plaintiff's symptom testimony. (*Id.* at 106-09.) The ALJ also evaluated the opinions of several medical sources. (*Id.* at 110-11.) Some offered opinions that were inconsistent with Plaintiff's claim of disability. For example, two state agency consultants (Y. Schwartz, M.D., and N. Keer, D.O.) opined that Plaintiff "does not have severe physical impairments" and one state agency psychological consultant (L. Waldman, Ph.D) opined that Plaintiff had only mild limitations in certain areas. (*Id.* at 110.) The ALJ declined to credit those opinions because they were "not consistent with the evidence of record." (*Id.*) In contrast, the ALJ deemed "persuasive" the opinions of a different state agency psychological consultant (L. Mogrovejo, Ph.D) who opined that Plaintiff had moderate limitations in many functional areas. (*Id.*) Additionally, the ALJ deemed "persuasive" the opinions of a consultative psychological examiner (Webster) who, among other things, "noted the claimant did not appear to be experiencing any cognitive impairment" and that "[t]he claimant should be able to take care of her basic needs as long as she is medication compliant." (*Id.* at 111.)

As for Dr. Pereya (whose opinions were expressed in two different forms), the ALJ deemed the first set of opinions "not persuasive" because they were "not consistent with the medical evidence of record or the consultative psychological examination" and deemed the second set of opinions "not persuasive" because they were "not consistent with the medical evidence," because they were expressed in a "checklist form" yet "Dr. Pereya indicated no medical records were received, so she had not reviewed any medical records," and because Dr. Pereya "saw[] the claimant twice for testing and does not have a long-term

treating relationship with the claimant." (*Id.* at 110-11.) As for NP Eastin, the ALJ deemed her opinions (which were set forth in a pair of assessment forms) "not persuasive" because each "form asks to a description of the data relied upon [but] no description is given" and "[n]one of the findings from the imaging or exam findings is cited to support the extreme limits." (*Id.* at 111.)

### B. **Plaintiff's Appeal**

In her opening brief, Plaintiff raises three assignments of error: (1) the ALJ provided insufficient reasons for discrediting the opinions of Dr. Pereya and NP Eastin; (2) the ALJ provided insufficient reasons for discrediting Plaintiff's symptom testimony; and (3) the ALJ erred by concluding that Plaintiff's cervical and lumbar spine impairments were not medically determinable or severe. (Doc. 26.)

### C. **The R&R**

Judge Bachus concludes that the ALJ's rationale for discrediting the opinions of Dr. Pereyra was flawed because the ALJ did not explain, with clarity, why he viewed Dr. Pereya's opinions as inconsistent with the consultative psychological examination or with the medical records summarized in other portions of the order: "[A]lthough the ALJ summarized Plaintiff's medical records, the ALJ failed to analyze, through citation to the record or sufficient explanation, the supportability and consistency factors of Dr. Pereya's August 2019 report. As such, the ALJ did not provide substantial evidence to reject Dr. Pereya's opinion." (Doc. 28 at 10-11.) Likewise, as for Dr. Pereya's November 2019 assessment, Judge Bachus concludes the ALJ's rationale was insufficient because "the ALJ failed to consider that Dr. Pereya indicated on the August 2019 form that she spent two hours reviewing medical records" and alternatively because "[e]ven assuming the ALJ adequately considered the supportability of Dr. Pereya's opinion, he failed to adequately articulate how he considered the consistency of her opinion with the other evidence in the record." (*Id.* at 11-13.) Finally, Judge Bachus notes that although the ALJ discredited Dr. Pereya's opinions in part due to the absence of a lengthy treatment relationship, the ALJ did not discredit the consultative examiner's opinions on the same basis despite an even

less substantial treatment relationship. (*Id.* at 13.)

Next, Judge Bachus concludes that "the ALJ improperly rejected NP Eastin's opinions" because (1) although "[t]he ALJ appeared to address supportability when stating that although NP Eastin said she relied upon x-rays, an MRI, and a physical examination, she did not cite to them specifically to support her findings, which made them unpersuasive"; and (2) "the ALJ did not address the consistency of NP Eastin's assessments with the rest of the medical record." (*Id.* at 14-15.)

Next, as for Plaintiff's symptom testimony, Judge Bachus concludes that the ALJ's overarching error was in "merely summariz[ing] Plaintiff's symptom testimony and the medical evidence of record without making any express connection to which of Plaintiff's symptoms he found unsupported." (*Id.* at 19. *See also id.* at 21 ["While broadly citing to Sun Pain Management records, it is unclear whether the ALJ used the findings to discredit Plaintiff's testimony about her pain. To that extent, the ALJ erred by not specifying the portions of Plaintiff's testimony that were inconsistent with the medical evidence."].) Additionally, Judge Bachus concludes that although the ALJ discounted Plaintiff's credibility due to missed medical appointments, this was not a permissible basis for an adverse-credibility finding because Plaintiff offered an explanation for why she missed certain appointments. (*Id.* at 20-21.) Finally, Judge Bachus notes that other aspects of the ALJ's credibility analysis were free of error. For example, Judge Bachus notes that the ALJ accurately cited records from Sun Pain Management reflecting that "Plaintiff states her medications are beneficial and help keep her active" and concludes that the ALJ did not error in concluding that those records contradicted certain aspects of Plaintiff's symptom testimony. (*Id.* at 20.)

Next, as for the alleged errors regarding Plaintiff's cervical and lumbar spine impairments, Judge Bachus concludes that "substantial evidence supports the ALJ's finding that [those] impairments were non-severe" and alternatively that any error was harmless because the ALJ resolved step two in Plaintiff's favor. (*Id.* at 22-25.)

Finally, Judge Bachus concludes that a remand for further proceedings (rather than

1 a remand for calculation of benefits) is the appropriate remedy because "although the ALJ failed to properly evaluate Plaintiff's medical provider[s'] opinions and Plaintiff's symptom testimony, further administrative proceedings would be useful to resolve ambiguities in the record. For example, while Plaintiff testified that she is unable to sit for long periods and needs to lie down for at least two hours a day to help with the pain, . . . in three of NP Eastin's reports, it was noted that Plaintiff was able to 'work full/part time," but the other eleven reports lacked such a finding. Thus, it is unclear whether the finding was intentionally included or omitted in the reports. The Court cannot conclude after carefully considering the entire record that the credit-as-true rule applies. Further proceedings are necessary to resolve discrepancies in the record." (*Id.* at 26-27.)

D. **Plaintiff's Objections**

Plaintiff objects to the R&R's recommended remedy of a remand for further proceedings, arguing that the Court should instead remand for calculation of benefits. (Doc. 29.) According to Plaintiff, further proceedings are unnecessary to address the "minor discrepancies within a few of NP Eastin's records" in light of the R&R's conclusion that "the ALJ erred with regard to [Plaintiff's] physical *and* mental health providers' assessments of her work-related limitations and [her] symptom testimony." (*Id.* at 2.) Elsewhere, Plaintiff argues that the credit-as-true rule requires a remand for calculation of benefits in these circumstances. (*Id.* at 4-5.) "Explanation of a few notes in NP Eastin's physical treatment records will not change the outcome of the mental portion of [Plaintiff's] case . . . when the assessment from Dr. Pereya was supported and consistent with her two separate examinations of [Plaintiff] and with [Plaintiff's] mental health treatment records as a whole." (*Id.* at 6-7.)[1]

---

[1] The deadline for the Commissioner to file a response to Plaintiff's objections has expired and the Commissioner did not file a response. With that said, the Commissioner already addressed the remedy issue in the answering brief: "[I]f this Court agreed with Plaintiff that substantial evidence did not support the ALJ's findings, serious doubt precludes remanding for payment. Notably, although Plaintiff alleged disability and testified to disabling symptoms, the ALJ found those allegations unpersuasive, citing specific evidence that undermined Plaintiff's allegations, including the objective evidence, her responsiveness to treatment, non-compliance, her ability to perform daily activities, and her ability to work (even sporadically) during the relevant period. Given these significant conflicts, any remand here would need to involve further administrative

III. <u>Analysis</u>

Having conducted the required *de novo* review, the Court agrees with Judge Bachus that the proper remedy here is a remand for further proceedings. "The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Id. See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

On the merits, "[t]he credit-as-true rule has three steps. First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law. Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up). A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048. *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy. We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.")

---

proceedings rather than an immediate finding of disability and award of benefits." (Doc. 26 at 10-11.)

- 7 -

(cleaned up).

The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the R&R's determination (which the Commissioner has not challenged) that the ALJ failed to provide legally sufficient reasons for discrediting the opinions of Dr. Pereya and NP Eastin and for discrediting Plaintiff's symptom testimony, step two is not is not satisfied. As noted in the R&R, some of NP Eastin's reports seem to indicate that Plaintiff would be able to work despite her impairments. The Court agrees with the R&R that further proceedings would be useful to address those notations.

Further proceedings would also be useful for a variety of additional reasons beyond those identified in the R&R. For example, as for Dr. Pereya, the main problem identified in the R&R was the ALJ's failure to provide a sufficiently clear explanation as to why the medical records (which the ALJ summarized at length) actually conflicted with Dr. Pereya's opinions. Further proceedings would be useful to address that topic. The Court also notes that the ALJ deemed "persuasive" the opinions of the consultative psychological examiner. (AR at 111.) That determination, which Plaintiff does not challenge on appeal, is difficult to reconcile with the opinions of Dr. Pereya. Although the R&R concludes that the ALJ provided an insufficiently clear explanation as to the perceived conflict (Doc. 28 at 10), this is another area where further proceedings would be useful. Finally, further proceedings would also be useful to allow the ALJ to explain, with more specificity, why the ALJ viewed the cited medical records as inconsistent with Plaintiff's symptom testimony.

Alternatively, even if step two were satisfied, the Court would decline to remand for an award of benefits because it harbors serious doubt as to whether Plaintiff is disabled. As noted, the "persuasive" opinions of the consultative psychological examiner alone provide a reason for skepticism. The Court also notes that the R&R upheld the sufficiency of one of the ALJ's bases for discounting Plaintiff's symptom testimony. (Doc. 28 at 20, cleaned up ["The ALJ was required to specifically identify the testimony from a claimant she or he finds not to be credible and explain what evidence undermines that testimony.

Here, the ALJ has satisfied that requirement. . . .  The medical records [from Sun Pain Management] undermine Plaintiff's testimony and the ALJ did not commit legal error in this conclusion."].)  A remand for further proceedings is the appropriate remedy under these circumstances.  *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (rejecting the claimant's argument that "because the ALJ's reasons for discrediting her testimony and Dr. Riley's assessment are legally insufficient, we have no choice but to . . . remand for an award of benefits" and concluding that a remand for further proceedings was the appropriate remedy because, even though "Claimant may be disabled," "evidence in this record not discussed by the ALJ" cast serious doubt on the claim of disability).

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Doc. 29) are **overruled**.

(2) The R&R (Doc. 28) is **adopted**.

(3) The decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 27th day of November, 2023.

Dominic W. Lanza
United States District Judge